UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WENDY DORBERTH AND HELMUT                CIVIL ACTION
DORBERTH

VERSUS                                   NO. 06-7589

STATE FARM FIRE AND CASUALTY             SECTION "R"(1)

### ORDER AND REASONS

Before the Court is the motion of plaintiffs, Wendy and Helmut Dorberth, to remand this action to state court.  For the following reasons, the Court GRANTS the motion to remand.

I.  BACKGROUND

Plaintiffs sued State Farm Insurance Company, their homeowner's insurer, and their insurance agent, Ed Schaumburg, in Louisiana state court on claims relating to their insurance coverage.  State Farm's citizenship is diverse from plaintiffs, but Schaumburg, like plaintiffs, is a citizen of Louisiana.  The parties thus are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir.

2004). State Farm removed this case to federal court on the ground that federal diversity jurisdiction exists because the nondiverse insurance agent was joined improperly. State Farm also invokes jurisdiction under 28 U.S.C. §§ 1369 and 1441, the Multiparty, Multiforum Trial Jurisdiction Act. For the following reasons, neither improper joinder, nor the MMTJA, provides jurisdiction in this matter.

## II.  LEGAL STANDARDS

### A.  Applying Louisiana Law

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1). In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting*

*Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

**B.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. §

3

1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### C. Improper Joinder

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332. However, a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id*. Improper joinder may be established by showing the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant. *Id*. at 462-63. The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter &*

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

*Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  This means that there must be a reasonable possibility of recovery, not merely a theoretical one.  *Id.*  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.*  The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim.  *Id*. (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."  *Travis*, 326 F.3d at 649.  In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

**III. DISCUSSION**

State Farm asserts that there is no arguably reasonable basis to predict that a Louisiana court would hold Schaumburg liable, so that his citizenship should be disregarded in the Court's jurisdictional analysis.  State Farm posits that

5

plaintiffs have not stated a claim against Schaumburg, or if they did, the claim is perempted.  The Court finds that defendant has not established improper joinder as to defendant Schaumburg.

Read in plaintiffs' favor, plaintiffs' petition asserts that Schaumburg failed to procure requested insurance coverage and that he failed to inform them of limitations that had been placed on their coverage.  (R. Doc. 1-2, at ¶ XLIX).  Plaintiffs' motion to remand elaborates on these claims, asserting that Schaumburg "secured a policy that was later reduced in coverage without ever notifying plaintiffs." (R. Doc. 6-2, at 7).  It is well-established under Louisiana law that a plaintiff may recover for his insurance agent's failure to procure requested insurance coverage.  The Louisiana Supreme Court has held: "An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested coverage."  *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973).  In addition, Louisiana recognizes actions for negligent misrepresentation leading to pecuniary loss when (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on the

misrepresentation. *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624 n.38 (5th Cir. 1993); *Chiarella v. Sprint Spectrum, LLP*, 921 So. 2d 106, 123 (La. Ct. App. 2005). Broadly construing plaintiffs' petition in their favor, the Court finds there is an arguably reasonable basis for predicting that state law might impose liability upon Schaumburg for failure to procure requested coverage and negligent misrepresentations in connection with the alleged reduction of plaintiffs' coverage without notification.

State Farm also argues that, in any event, plaintiffs' claims against Schaumburg are perempted under La. Rev. Stat. § 9:5606. The statute provides as follows:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606. State Farm contends that plaintiffs' claims are perempted under the three-year bar because the Dorberths' policy was issued in August 2002, four years before they filed this lawsuit on August 22, 2006. (R. Docs. 11-6, 11-7). At least some of plaintiffs' claims against Schaumburg,

however, arise not from the initial issuance of the policy, but from a subsequent reduction in their coverage limits. While plaintiffs' petition is ambiguous as to the date of this alleged reduction, State Farm's records indicate that plaintiffs' coverage limits were decreased on August 30, 2003. (R. Doc. 11-8, at 1). Plaintiffs allege that they were never informed of this decrease in their coverage until after Hurricane Katrina and there is no evidence before the Court that plaintiffs were in fact notified of the change. Thus, State Farm has not demonstrated that plaintiffs' claim that Schaumburg failed to advise them of the reduction in their coverage is perempted under Louisiana law, as plaintiffs allegedly filed this lawsuit within one year of when they discovered Schaumburg's alleged conduct and within three years of the date on which their decreased coverage went into effect. Because the Court finds that there is an arguably reasonable basis to predict that a Louisiana court might conclude that the claim against Schaumburg is timely, he is not improperly joined, and the Court lacks diversity jurisdiction over this matter.

Multiparty, Multiforum Trial and Jurisdiction Act

As noted, State Farm also grounds jurisdiction on the

Multiparty, Multiforum Trial and Jurisdiction Act of 2002.  State Farm asserts that there exists minimal diversity and Hurricane Katrina constitutes an accident as contemplated by 28 U.S.C. § 1369(a), therefore the MMTJA confers original subject matter jurisdiction over this action.  Alternatively, State Farm contends that removal is proper under 28 U.S.C. § 1441(e)(1)(b) because State Farm is a party to several cases that were brought or could have been brought directly into federal court under § 1369(a).  The Court has thoroughly addressed these same arguments in previous cases and finds no reason to reach a different result here.  *See, e.g., Nguyen v. ANPAC Louisiana Ins. Co.*, 2006 WL 3714500 (E.D. La. Dec. 11, 2006) (order granting motion to remand); *Wood v. State Farm Fire & Casualty Co.*, Civ. Docket No. 06-2570 (E.D. La. Oct. 24, 2006) (same).  The Court therefore adopts its reasoning in *Nguyen* and *Wood* and holds that the MMTJA does not give it jurisdiction over this matter.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand because it lacks subject matter jurisdiction over this case.

New Orleans, Louisiana, this 27th day of March, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE